IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROBERT THURMAN,

              Plaintiff,

                                      CIVIL ACTION
         vs.                          No. 06-3147-SAC

DAVID McKUNE, et al.,


              Defendants.


ORDER

    This matter is before the court on a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner proceeds pro se and seeks leave to proceed in forma pauperis.

    Pursuant to the rules of this court, "[i]n the absence of exceptional circumstances, leave to proceed in forma pauperis may be denied if the value of the money and securities in petitioner's ... account exceeds $150.00." D. Kan. 9.1(g). Because the financial records supplied by the petitioner reflect that he has a balance in excess of $400.00 in his institutional account, the court concludes petitioner has sufficient resources to pay the $5.00 filing fee. Accordingly, the court will deny the motion for leave to proceed in

forma pauperis.

**Background**

Petitioner was convicted in October 2000 in the District Court of Sedgwick County, Kansas.  The conviction was affirmed by the Kansas Court of Appeals in January 2002, and review was denied on April 30, 2002.

On January 6, 2003, petitioner filed a petition in the Kansas Court of Appeals alleging that his appellate counsel had provided ineffective assistance by failing to raise certain issues on appeal.  The appellate court transferred that action to the trial court to be processed as a post-conviction action pursuant to K.S.A. 60-1507.  Relief was denied in June 2003, and it does not appear that petitioner filed an appeal from that decision.

On May 10, 2004, appointed counsel filed a motion pursuant to 60-1507 again claiming ineffective assistance of appellate counsel.  Relief was denied following argument in August 2004.  The Kansas Court of Appeals affirmed that decision on September 30, 2005, and review was denied on December 20, 2005.

## Discussion

The court's initial review of this action suggests a

2

possible procedural defect.  The claims presented in a habeas corpus petition ordinarily must be fully exhausted in the state courts, meaning that the petitioner must have presented the same  claims for review at each level of appellate review in the state courts.  28 U.S.C. § 2254(b)(1)(A).  In this case, petitioner asserts three claims: (1) abuse of judicial discretion, (2) ineffective assistance of counsel at trial, and (3) ineffective assistance of counsel in the post-conviction action brought pursuant to K.S.A. 60-1507.[1]  (Doc. 1, pp. 3-8.)

It does not appear from the petition that the claim of abuse of judicial discretion was presented to the state courts on appeal or in the post-conviction action.  (Doc. 1, p. 5.)

Next, the Kansas Court of Appeals determined that the claim of ineffective assistance by trial counsel was not properly preserved for appeal.  <u>Thurman v. State</u>, 2005 WL

---

[1]

Petitioner's claim that he received ineffective assistance from counsel in a post-conviction proceeding is not cognizable in habeas corpus review.  28 U.S.C. §2254(i)("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.")  The claim concerning petitioner's counsel in his post-conviction action therefore must be dismissed.

2416076 (Kan. App. 2005), *2.[2]

Because it does not appear the petitioner properly exhausted state court remedies, his claims alleging abuse of judicial discretion and ineffective assistance of trial counsel are procedurally defaulted.  Where a claim has been procedurally defaulted, a federal court will not review the claim on habeas corpus unless the petitioner demonstrates cause for the default and actual prejudice, or, alternatively, demonstrates a fundamental miscarriage of justice.  Coleman v. Thompson, 501 U.S. 722, 749-750 (1991).

Therefore, petitioner must establish cause and prejudice for his failure to exhaust state court remedies or establish that a fundamental miscarriage of justice will occur if the court refuses to consider his claims alleging abuse of discretion and ineffective assistance by his trial counsel.

In order to establish cause, a petitioner must "show that some objective factor external to the defense impeded ... efforts to comply with the state procedural rules."  Murray v. Carrier, 477 U.S. 478, 488 (1986).  Such factors include newly- discovered evidence, a change in the law, and interfer-

---

[2]A copy of the unpublished order is attached.

ence by state officials. <u>Id</u>. In order to establish preju-
dice, a petitioner must show "'actual prejudice' resulting
from the errors of which he complains." <u>United States v.
Frady</u>, 456 U.S. 152, 168 (1982).

Finally, to establish a fundamental miscarriage of
justice, a petitioner must demonstrate actual innocence of
the crime. <u>McCleskey v. Zant</u>, 499 U.S. 467, 494 (1991).

Accordingly, the court will direct the petitioner to show
cause and prejudice for his failure to properly exhaust state
court remedies or, in the alternative, to show that a funda-
mental miscarriage of justice will occur if the court fails to
review his defaulted claims.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's
motion for leave to proceed in forma pauperis (Doc. 2) is
denied. Petitioner is granted thirty (30) days to submit the
filing fee of $5.00.

IT IS FURTHER ORDERED that within the same thirty day
period, petitioner shall show cause and prejudice for his
procedural default or that a fundamental miscarriage of
justice will occur if the court refuses to consider his
defaulted claims. The failure to file a timely response may
result in the dismissal of this action without prior notice to

5

the petitioner.

A copy of this order shall be transmitted to the peti-

tioner.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 23rd day of June, 2006.


                        S/ Sam A. Crow
                        SAM A. CROW
                        United States Senior District Judge